UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL,<br><br>              Plaintiff,<br><br>      v.<br><br>MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN CAPITAL HOLDINGS, LLC; LES ZIEVE; DOES (1-6),<br><br>              Defendants. | CASE NO. 2:25-cv-00357-JNW<br><br>REMAND ORDER |
| TRUMAN CAPITAL HOLDINGS, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>MARTA D. LYALL,<br><br>              Defendant. | |

## 1. INTRODUCTION

In a previous action before this Court, litigant Marta D. Lyall tried to remove and consolidate two King County Superior Court cases: Case Numbers 23-2-23943-1

REMAND ORDER - 1

and 24-2-02128-1. *See Truman Cap. Holdings LLC v. Lyall*, No. 2:24-cv-01425-JNW (W. D. Wash. Sept. 9, 2024) ("*Truman Capital I*"). Upon review, the Court found that it lacked subject-matter jurisdiction over both cases and remanded them to King County Superior Court. *Truman Capital I*, Dkt. Nos. 9, 10.

Lyall now tries to remove and consolidate the same state-court cases to federal court once again. *See* Dkt. Nos. 6, 7. Federal courts are required to consider jurisdictional issues on their own accord, even when parties have not mounted a jurisdictional challenge. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Upon review, the Court FINDS, as before, that it lacks subject-matter jurisdiction over the removed cases. Therefore, the Court REMANDS these cases to King County Superior Court and DIRECTS the Clerk of Court to ENTER JUDGMENT and CLOSE THIS CASE. Additionally, the DENIES Lyall's Motion to Recuse and Reassign Case, Dkt. No. 13, and DIRECTS the Clerk of Court to refer this matter to the Chief Judge for review. Finally, the Court DENIES AS MOOT Lyall's other pending motions in this matter. Dkt. Nos. 11, 12, 15, 16.

## 2. BACKGROUND

On September 9, 2024, Lyall tried to remove and consolidate two King County Superior Court cases: Case Numbers 23-2-23943-1 and 24-2-02128-1. *See Truman Capital I*, Dkt. No. 1. The Court found that it "lack[ed] jurisdiction over King County Case Number 23-2-23943-1 because Lyall is the plaintiff in that case and thus has no right of removal." *See Truman Capital I*, Dkt. No. 9 at 2 (citing 28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941)). Likewise, the Court found that it "also lack[ed] jurisdiction over King County Case

REMAND ORDER - 2

Number 24-2-02128-1 because no independent basis for original subject-matter jurisdiction exists." *See id.* at 2–3 ("[T]he state-court action is an eviction proceeding governed by the Washington Revised Code and Washington common law; it presents no federal question."); *id.* at 3 ("And all parties are Washington residents, so diversity jurisdiction is also lacking."). Therefore, the Court remanded both cases to King County Superior Court on September 19, 2024. *Id.*

On October 3, 2024, Lyall appealed the remand to the Ninth Circuit. *Truman Capital I*, Dkt. Nos. 11–14. On October 7, 2024, the Court stayed the remand order pending the appeal. *Truman Capital I*, Dkt. No. 15. On December 18, 2024, the Ninth Circuit dismissed the appeal for lack of jurisdiction "because the order challenged in the appeal is not reviewable." *Truman Capital I*, Dkt. No. 18 (citing 28 U.S.C. § 1447(d); *Kunzi v. Pan Am. World Airways, Inc.*, 833 F.2d 1291, 1293 (9th Cir. 1987) (holding that an order remanding a removed action to state court for lack of subject matter jurisdiction is not reviewable)). On December 23, 2024, the Court lifted the stay, reinstating the remand order. *Truman Capital I*, Dkt. No. 19. Lyall then filed numerous motions in this Court challenging the remand and seeking to reinstate the stay—*see Truman Capital I*, Dkt. Nos. 22–25, 27, 29—all of which the Court, lacking jurisdiction, denied as moot. *Truman Capital I*, Dkt. Nos. 26, 30. She also submitted numerous filings to the Ninth Circuit, seeking a rehearing en banc, none of which were successful. *See Lyall v. Samberg et. al.*, No. 24-6167 (9th Cir. 2024), Dkt. Nos. 14–21.

On February 25, 2025, Lyall initiated this action by filing a Notice of Removal, again attempting to remove the same state-court actions to federal court.

REMAND ORDER - 3

*See* Dkt. Nos. 1, 2, 6, 7. Lyall states—incorrectly—that the Court remanded her case on December 27, 2024. Dkt. No. 7 at 2. She also states that she petitioned the Ninth Circuit for re-hearing en banc on December 25, 2024. *Id.* On this basis, she argues that the Court erred in remanding her case because her petition to the Ninth Circuit gave the Ninth Circuit, not the district court, jurisdiction to decide the legality of remand. *Id.* She also raises several other arguments for federal jurisdiction over the state-court unlawful detainer action—all of which are unclear and impossible to follow; recycled versions of arguments previously raised and rejected in *Truman Capital I*; or both. *See generally* Dkt. No. 7.

Since filing the Notice of Removal, Lyall has submitted numerous other requests for relief in this case. On March 3, Lyall filed a "Motion for Judicial Notice of Proper Removal," asking the Court to "[a]cknowledge and docket both cases properly as removed actions." Dkt. No. 11. The next day, she filed an "Emergency Motion to Stay Remand," arguing that "allowing remand before resolving the outstanding jurisdictional issue would violate 28 U.S.C. § 1446(d) and deprive this Court of its authority to properly adjudicate the matter." Dkt. No. 12. She also filed an "Emergency Motion to Recuse and Reassign Judge," arguing that this Court's previous rulings demonstrate bias, hostility, conflicts of interest, and partiality, and therefore seeking to "[r]ecuse Judge Whitehall [sic]" and "[r]eassign the case to a neutral and impartial judge." Dkt. No. 13 at 3. The next day, she filed a "Notice of Concern Regarding Procedural Interference and Retaliation," which asked the Court to, among other things, "monitor and log all ex parte communication from external parties regarding [Lyall's other pending case in this Court]." Dkt. No. 15;

*see Lyall v. Zieve et al.*, No. 2:24-cv-02148-JNW. And two days later, she filed an "Emergency Motion to Transfer, Consolidate, and Join Cases," seeking to (1) quash Lyall's state-court unlawful detainer action as fraudulent and void ab initio; (2) consolidate what remains of this case with other, ongoing federal litigation in which Lyall is a party; (3) transfer the consolidated cases to the District of Columbia; and (4) enjoin further Washington filings related to this matter. *See* Dkt. No. 16 at 5.

### 3.  DISCUSSION

**3.1   The Court lacks subject-matter jurisdiction over this case.**

If a federal district court finds that it lacks subject-matter jurisdiction over a removed case, it must remand the case. 28 U.S.C. § 1447(c). Congress regulates the scope of federal subject-matter jurisdiction by statute. *Shamrock Oil & Gas Corp.*, 313 U.S. at 108–09. This case involves removal jurisdiction, which Congress established through 28 U.S.C. § 1441 ("Section 1441"). Section 1441 also requires the Court to have an independent basis for subject-matter jurisdiction to exercise removal jurisdiction. 28 U.S.C. § 1441(a).

For the same reasons the Court articulated in *Truman Capital I*, the Court finds that it lacks removal jurisdiction over King County Case Number 23-2- 23943-1. Lyall is the plaintiff in this case; she was the one who chose to bring it in state court. *See* Dkt. No. 6-2 (complaint). Section 1441 only permits defendants, not plaintiffs, to invoke removal jurisdiction. *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the

action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court.").

For the same reasons the Court articulated in *Truman Capital I*, the Court finds that it *also* lacks removal jurisdiction over King County Case Number 24-2-02128-1. This action is an eviction proceeding governed by the Washington Revised Code and Washington common law; it presents no federal question. *See* Dkt. No. 6-1 (complaint). Nor do the parties have diverse citizenship. Thus, as before, "the Court cannot exercise removal jurisdiction and must remand." *See Truman Capital I*, Dkt. No. 9 at 3 (citing 28 U.S.C. § 1441(a); 28 U.S.C. § 1447(c)).

### 3.2    The Court denies Lyall's request for recusal.

The Court turns now to Lyall's recusal motion. Dkt. No. 13. Lyall argues that the Court's prior remand of these cases, together with the Court's rulings in a related case (*Lyall v. Zieve et al.*, No. 2:24-cv-02148-JNW (W. D. Wash. Dec. 26, 2024), indicates a "pattern of hostility toward Plaintiff's cases"; "ignore[s] proper legal standards"; and creates an "appearance of bias[.]" Dkt. No. 13 at 2–3. Lyall therefore moves to recuse this Court under 28 U.S.C. §§ 144 and 455.

When a party moves to recuse under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themself from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required when a party files a "timely and sufficient affidavit that the judge before whom [their] matter is pending has a personal bias or

prejudice either against [them] or in favor of any adverse party," 28 U.S.C. § 144, and the judge determines that recusal is appropriate, *United States v. Feldman*, 983 F.2d 144, 145 (9th Cir. 1992).

The standard for recusal under both statutes is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quote omitted). This reasonableness standard matches Canon 3C(1) of the Code of Conduct for the United States Judges, which requires that any basis for challenging a judge's impartiality must be "reasonable" for the judge to be required to recuse. *See generally* Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009). "The factors the judge should consider in making the reasonableness determination [include]… the nature of the complaint, the applicable law, and other relevant circumstances." *Id.*

Lyall cites no grounds on which to question the impartiality of the Court—she cites only prior adverse rulings. But "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Moreover, Lyall points to no instance of legal error or unfairness in the Court's adjudication of her cases.

As such, this Court DENIES Murray's motion for recusal, Dkt. No. 13, and DIRECTS the Clerk of Court to refer this matter to the Chief Judge for review. *See*

REMAND ORDER - 7

LCR 3(f) ("If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee.").

### 3.3  The Court dismisses Lyall's remaining motions as moot.

Because the Court lacks jurisdiction over this case, the Court denies Lyall's other motions as moot. Dkt. Nos. 11, 12, 15, 16.

The Court also notes that these motions, mootness notwithstanding, lack merit. Lyall asks the Court to take "judicial notice" that her state-court cases were properly removed. Dkt. No. 11. And she asks the Court to stay remand of this action pending resolution of her request for "judicial notice." Dkt. No. 12. These requests misunderstand the concept of judicial notice. "The court may judicially notice a fact that is not subject to reasonable dispute because it… is generally known within the trial court's territorial jurisdiction; or… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may not take judicial notice of the conclusory assertion that Lyall's state-court cases were properly removed—especially when that assertion is not correct. *See supra* § 3.1 (finding improper removal).

Likewise, Lyall's request addressing alleged "procedural interference" in her other pending case in this Court—*Lyall v. Zieve et al.*, No. 2:24-cv-02148-JNW—does not belong on this case docket and is better addressed there. *See* Dkt. No. 15. And the Court cannot grant her request to consolidate and transfer this case because the Court lacks subject-matter jurisdiction over the case. *See* Dkt. No. 16.

## 4. CONCLUSION

The Court DENIES Lyall's Motion to Recuse, Dkt. No. 13, and DIRECTS the Clerk of Court to refer this matter to the Chief Judge for review. The Court FINDS that it lacks removal jurisdiction over this action and therefore REMANDS Lyall's state-court cases to King County Superior Court. The Court DENIES AS MOOT Lyall's Motion for Judicial Notice, Dkt. No. 11; Lyall's Emergency Motion to Stay, Dkt. No. 12; the requests for relief contained in Lyall's Notice of Concern Regarding Procedural Interference and Retaliation, Dkt. No. 15; and Lyall's Emergency Motion to Transfer, Consolidate, and Join Cases, Dkt. No. 16. The Court DIRECTS the Clerk of Court to ENTER JUDGMENT and CLOSE THIS CASE.

It is so ORDERED.

Dated this 11th day of March, 2025.

Jamal N. Whitehead
United States District Judge